IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:09-CR-41-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| MALIK JAFAR-ABDUR MUTI ) | ORDER |
| a/k/a WAYNE MANDELL RUFFIN ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on defendant's motion to suppress (DE # 18), the government's response in opposition (DE #19), the memorandum and recommendation ("M&R") entered by the United States Magistrate Judge Robert B. Jones, Jr. (DE # 26), and defendant's timely objections to the M&R (DE # 27). In this posture, the issues raised are ripe for ruling.

## BACKGROUND

Defendant seeks to suppress physical evidence, namely a firearm, and statements obtained by law enforcement on February 19, 2009. The officer obtained the evidence when he searched a vehicle in which defendant was a passenger. Defendant contends that the search of his personal bag in the passenger compartment violated the Fourth Amendment. He argues the officer unreasonably extended the scope of the traffic stop and lacked reasonable suspicion to justify a continued seizure. Accordingly, he asserts the firearm seized and his subsequent statements should be suppressed.

On July 29, 2009, a hearing on defendant's motion to suppress was held before United States Magistrate Judge Jones. Subsequently, Judge Jones entered the M&R, recommending that defendant's motion to suppress be denied. First, Judge Jones found that the search was permissible

because the driver consented to the search of her vehicle. Second, Judge Jones found that the officer had reasonable suspicion to justify prolonging the traffic stop. And third, he found that probable cause also justified the officer's search of the vehicle.

Defendant now objects to the findings and recommendations of the magistrate judge. Specifically, defendant objects to the following portions of the M&R: (1) the conclusion that the officer acquired reasonable suspicion during the traffic stop to justify prolonging it; (2) the finding that the officer detected a "faint smell of marijuana"; and (3) the legal conclusion that the smell of marijuana supplies the requisite reasonable suspicion or probable cause to extend the seizure of defendant. Accordingly, this court reviews those portions of the M&R to which defendant has objected *de novo*. See 28 U.S.C. § 636(b)(1).

## DISCUSSION

After a thorough review of the facts of this case and applicable legal principles, this court finds defendant's objections without merit and denies his motion to suppress.

A. Seizure

"[A] passenger in a vehicle stopped by the police is seized by the stop within the meaning of the Fourth Amendment." United States v. Soriano-Jarquin, 492 F.3d 495, 500-01 (4th Cir. 2007) (citing Brendlin v. California, 551 U.S. 249 (2007)). To extend a traffic stop, the officer must obtain consent or have "reasonable suspicion that illegal activity is afoot." United States v. Branch, 537 F.3d 328, 336 (4th Cir. 2008). Consent exists when circumstances indicate "the citizen would feel free to go, but stays and has a dialogue with the officer." United States v. Weaver, 282 F.3d 302, 310 (4th Cir. 2002). However, the subject remains seized for Fourth Amendment purposes if "in view of all of the circumstances surrounding the incident, a reasonable person would have

2

believed that he was not free to leave." Brendlin, 551 U.S. at 255 (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980)).

When consent is not forthcoming, an officer may prolong a stop if he has reasonable suspicion of illegal activity. Branch, 537 F.3d at 336. Reasonable suspicion means there are "specific and articulable facts, which taken together with rational inferences from those facts, reasonably warrant [the] intrusion." Terry v. Ohio, 392 U.S. 1, 21 (1968). In drawing these inferences, an officer may consider his or her experience and specialized training. United States v. Arvizu, 534 U.S. 266, 273 (2002). While the reasonable suspicion analysis is not rigid, some circumstances that, taken together, may be relevant to the analysis include the location of the stop, conduct of defendant during the stop, and other indications of criminal activity. See, e.g., United States v. Mayo, 361 F.3d 802, 806, 808 (4th Cir. 2004) (noting defendant's evasive or nervous behavior and presence in a high-crime area may be relevant to the reasonable suspicion analysis).

Here, the lawful traffic portion of the stop ended when Officer Espinoza gave Ms. Jones, the driver of the vehicle, a verbal warning. As a result, the officer needed consent or reasonable suspicion of illegal activity to extend the stop.[1] Considering the totality of the circumstances, Officer Espinoza had a reasonable suspicion that justified further detention of defendant. Officer Espinoza testified to five years of experience as a law enforcement officer, during which he had received narcotics training. Officer Espinoza stopped the vehicle in a high-crime area. During the stop, defendant was unable to remain still, appeared nervous, and attempted to smoke an unlit cigarette, which also indicated his unease. Additionally, Officer Espinoza testified that he detected a faint

---

[1] Because the court finds there was reasonable suspicion to justify prolonging the seizure, it does not reach whether Ms. Jones's consent alone was sufficient to extend the stop.

smell of marijuana.[2] In light of these facts, Officer Espinoza had reasonable suspicion to prolong the traffic stop and further investigate whether illegal activity was taking place.

B.     Search

When there is no consent, a warrantless search of a container in a vehicle pursuant to the "automobile exception" must be supported by probable cause. See California v. Acevedo, 500 U.S. 565, 580 (1991) ("The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained."). Probable cause exists when the "totality of the circumstances" – including the facts and circumstances within an officer's knowledge – would "convince a person of reasonable caution that an offense has been or is being committed." Wadkins v. Arnold, 214 F.3d 535, 539 (4th Cir. 2000). Ultimately, the finding of probable cause is a "practical, common sense decision whether . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).

Our circuit has held that the odor of marijuana, by itself, can establish the requisite probable cause. See United States v. Kellam, 568 F.3d 125, 136 (4th Cir. 2009) (upholding a search based on probable cause when the officer smelled marijuana); United States v. Scheetz, 293 F.3d 175, 184 (4th Cir. 2002) (holding probable cause to search the vehicle existed given the "odor of marijuana emanating from the interior of the car"); United States v. Haley, 669 F.2d 201, 204 (4th Cir. 1982) (finding the "strong marijuana odor emanating from the vehicle and the small bag of marijuana found under the seat" constituted probable cause to search the trunk of the vehicle). When the totality of the circumstances indicates that marijuana might be in the vehicle, there is sufficient

---

[2] In light of Officer Espinoza's training and specialized experience, the court accepts the recommended finding that he detected a faint smell of marijuana.

probable cause to conduct a warrantless search of the vehicle. See United States v. Davis, 177 Fed. App'x 347, 350-51 (4th Cir. 2006) (unpublished).

Here, the search of defendant's bag was supported by probable cause.[3] Defendant opened the passenger door immediately after the traffic stop was initiated, he was unable to remain still and appeared nervous, and he attempted to smoke an unlit cigarette. Once Officer Espinoza prolonged the traffic stop into an investigative stop, defendant, when ordered out of the car, put his hand in his right pocket and turned his back toward the officer. Officer Espinoza then saw defendant take his hand out of his pocket and reach towards the floorboard, where his bags were located. Around this time, Officer Espinoza also noticed a "faint smell of marijuana" when he approached defendant. Officer Espinoza testified to five years of experience as a police officer, including narcotics training and former employment as a narcotics investigator. Moreover, the stop occurred in a housing area known by Greenville police to be a high-crime area. The totality of these facts provided Officer Espinoza with sufficient probable cause to search the vehicle and the bags therein for evidence of contraband.

Defendant objects to the M&R on the basis of Judge Jones's finding that the "mere mention of the smell of marijuana in the officer's report supplied the requisite reasonable suspicion or probable cause." (Def.'s Objection to Mag.'s M&R at 2.) First, the court finds Officer Espinoza's observation that he smelled marijuana when he approached defendant credible, which could provide probable cause without any other facts. See Kellam, 568 F.3d at 137 n.15 (finding "the localized smell of marijuana in her vehicle provided ample probable cause for the actions of the officers");

---

[3] Because the court finds that Officer Espinoza's search of defendant's bags was supported by probable cause, it is not necessary to reach the issue of whether Ms. Jones's consent validated the search.

5

United States v. Humphries, 372 F.3d 653, 659 (4th Cir. 2004) (concluding probable cause for arrest existed when the officer was able to "localize" the smell of marijuana to a person). Second, defendant's objection ignores the additional facts providing probable cause for the search. It was not only the smell of marijuana that established the probable cause, but also defendant's nervous and evasive behavior, the high-crime area in which the stop took place, and Officer Espinoza's specialized training and experience.

## CONCLUSION

The factual findings in the M&R are adopted as the court's own. For the reasons thoroughly explained in this order, the court OVERRULES defendant's objections to the M&R and DENIES defendant's motion to suppress.

SO ORDERED, this the 5th day of October, 2009.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

6